# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SENTINEL INSURANCE COMPANY,       )
                Plaintiff,       )
                           )
    v.                          )      Case No. 08-00961-CV-W-FJG
                           )
TIMOTHY HAINES, et al.,       )
              Defendants.  )

## ORDER

Pending before the Court is defendant Haines's Motion to Dismiss (Doc. No. 7), Defendants Joshua and Dennis Kauffman's Motion to Dismiss (Doc. No. 8), Defendants Joshua and Dennis Kauffman's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 9), and Defendant Haines Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10).

## I.    BACKGROUND

On November 20, 2005, Joshua Kauffman and Timothy Haines were involved in an automobile accident.  Haines sued Joshua and his father, Dennis Kauffman, in the Circuit Court of Jackson County, and obtained a state court judgment on November 17, 2008 against both of them for the injuries he sustained in the auto accident.  At the time of the accident, Sentinel Insurance Company ("Sentinel") provided automobile liability insurance to Dennis and Joshua Kauffman.  Sentinel provided the Kauffmans with a defense in the state court proceeding.  Following the state court judgment, Sentinel paid Haines its $50,000 policy limit, the awarded court costs, and all post-judgment interest that had accrued through the date it paid out its policy limit.  In Count I of its complaint, Sentinel is seeking a declaration that it does not owe a duty to indemnify the Kauffmans for any of the following items awarded to Haines in state court: (1) punitive damages, (2) any

prejudgment interest, (3) post-judgment interest owing on the state court judgment after it paid out the policy limit to Haines, and (4) any actual damages in excess of the $50,000 policy limit, which was already paid out. It also seeks a declaration that it has fulfilled all its obligations and duties to its insured under the policy. In Count II, Sentinel seeks a declaration that it acted reasonably, in good faith, and without negligence in negotiating a settlement of Haines's claim and in providing a defense to the Kauffmans.

Pending before the Court are four motions to dismiss by the defendants. Haines and the Kauffmans filed identical motions to dismiss requesting the Court to dismiss this case in favor of resolution of these issues in the state garnishment proceeding (Docs. No. 7, 8). The Kauffmans also filed a motion to dismiss based on failure to state a cause of action and lack of subject matter jurisdiction (Doc. No. 9). Defendant Haines filed a substantially similar motion to dismiss based on the same two grounds (Doc. No. 10).

III. DISCUSSION

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Court must first determine whether subject matter jurisdiction exists. Defendants argue that the amount in controversy is the $50,000 insurance policy limit because plaintiff is seeking a declaration that it owes no more than this policy limit. Plaintiff argues that the policy limit cannot be the amount in controversy because it has already paid that amount to Haines. Instead, plaintiff claims that the amount in controversy is the remaining amount of Haines's state court judgment that has not yet been satisfied. For instance, plaintiff points out that the state court awarded Haines $86,303 in prejudgment interest on his actual damages; therefore, Sentinel argues that a declaration deciding

2

whether it owes this amount is sufficient in itself to satisfy the amount in controversy requirement. In his answer, Defendant Haines expressly states that he believes the Sentinel policy covers the prejudgment interest as well as the unpaid post-judgment interest.

The Kauffmans reply that the amount in controversy cannot include the prejudgment interest because § 1332 states that the amount of money should be exclusive of interest. See State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998). However, Narvaez is distinguishable to the present facts. In that case, the insurer sought a declaration that it was not responsible for paying out the $50,000 uninsured motorist coverage limit. The insurer also alleged that it was not liable to pay interest on the unpaid uninsured motorist benefits that may be owing. Thus, plaintiff argued that the amount in controversy was met if the court were to take into account the interest on the unpaid insurance benefits in addition to the $50,000 policy limit.[1] The Narvaez court rejected plaintiff's argument and determined that the interest in that case should not be included in the amount in controversy. Specifically, the court reasoned that the purpose behind excluding interest under § 1332 is to prevent parties from delaying the initiation of a lawsuit long enough until sufficient interest has accumulated to meet the jurisdictional minimum. Id. Here, the prejudgment interest amount awarded in state court is a fixed amount that has already accrued and forms part of a state court judgment. Therefore, the Court agrees with plaintiff that the prejudgment interest alone is sufficient to meet the jurisdictional minimum, and subject matter jurisdiction is proper.

---

[1]At the time, the jurisdictional minimum was $50,000 so presumably any interest on the benefits would exceed the jurisdictional minimum.

3

**B.** **Motions to Dismiss Due to Parallel State Court Proceeding and Motions to Dismiss for Failure to State a Cause of Action**

Defendants offer two primary grounds for requesting this Court to decline to hear this declaratory action. First, they contend that the Court should dismiss this case due to a pending parallel state proceeding. Second, defendants argue that Count II of plaintiff's complaint seeks a declaration of non-liability to a potential lawsuit, which courts generally disfavor.

**1.** **Parallel State Proceeding**

Sentinel filed this action on December 16, 2008. On the same day, Haines filed a garnishment action against Sentinel, Sentry Insurance, and Joshua and Dennis Kauffman in the Circuit Court of Jackson County pursuant to Mo. Rev. Stat. § 379.200 to collect the insurance proceeds owed to the Kauffmans in order to satisfy the state court judgment.[2]

When a pending parallel state action involves the same parties as in a federal declaratory action, the district court has broad discretion to abstain in proceeding with the federal declaratory action. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008).

> [T]he parallel state court proceeding must present the same issues, not governed by federal law, between the same parties, and the court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether the necessary parties have been joined, whether such parties are amenable to process in that proceeding.

Id. (internal quotations and citations omitted). If a parallel state proceeding is pending, the Supreme Court has noted that "it would be uneconomical as well as vexatious for a federal

_____

[2]This action was removed from the Circuit Court of Jackson County; however, it has since been remanded to state court as of March 11, 2009 (see Haines v. Sentinel Insurance, et al., Case No. 08-981-CV-W-FJG, Doc. No. 24).

court to proceed in a declaratory suit[.]" Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). The "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

Defendants argue that the Court should decline to hear this case because the state garnishment proceeding affords plaintiff the opportunity to raise the issue of non-coverage as a defense to the garnishment. Defendants note that all the necessary parties are involved in that action, and the interpretation of an insurance contract is a matter of state law. Plaintiff responds that this Court is a better forum to adjudicate the central issue in this case (i.e. interpretation of an insurance policy) because the policy is governed by Kansas law. Plaintiff distinguishes cases defendant cites to by stating that the parallel state court proceedings in those cases involved questions of that forum's own law, not another state's law such as in this case. It argues that it would be prejudiced to litigate claims under Kansas law in Missouri state court.

The Court agrees with defendant that the issue of whether coverage exists under the Sentinel policy can be effectively be presented and adjudicated in the pending garnishment action where all interested parties are joined. See Glover v. State Farm Fire and Cas. Co., 984 F.2d 259, 260 (8th Cir. 1993) (noting that an insurer may raise defenses it would have against its own insured in a garnishment action pursuant to Mo. Rev. Stat. § 379.200). Further, plaintiff does not fully explain why this Court would be better able to analyze claims under Kansas law than a Missouri state court. Plaintiff's argument would carry greater weight if the issue it sought to adjudicate was one under federal law as opposed to state law. That is not the case, however. Plaintiff also does not explain how

5

it would be prejudiced by having a Missouri state court law apply another state's law as opposed to its own law. The Court finds that this distinction is not dispositive of whether to abstain from hearing the declaratory judgment suit.

Sentinel also states that declining to hear this case is not warranted because this action was filed a few hours before the state court garnishment proceeding. It points out that the garnishment proceeding should have been brought as compulsory counterclaim to this action. In Capitol Indemnity Corp. v. Haverfield, the Eighth Circuit held that the district court erred by adjudicating the federal declaratory action even though it was filed six months before the tort victims filed a petition to collect insurance proceeds in state court. 218 F.3d 872, 875 (8th Cir. 2000); see also Wilton, 515 U.S. 277 (affirming district court's refusal to adjudicate federal declaratory action even though the state action was filed after the federal declaratory action). The fact that Sentinel filed its action a few hours before the garnishment proceeding is immaterial. The Court finds, and Sentinel does not dispute, that it can argue the issue of non-coverage in the state court garnishment proceeding. Also, by declining to hear this action in favor of the state court proceeding, the Court is promoting judicial economy and efficiency by avoiding duplicative discovery and trials. Accordingly, the Court declines to exercise its jurisdiction to hear Count I of the plaintiff's amended complaint.

Following a decision to abstain from adjudicating a declaratory action, the Court has discretion to either dismiss or stay the federal action, although the preferable course is for the Court to stay a declaratory judgment action when the basis for abstention is a parallel state proceeding. Royal Indem. Co., 511 F.3d at 797. However, if the court can see no reason why this action should return to federal court, it is appropriate to dismiss the

6

declaratory judgment action. See Capitol Indem. Corp., 218 F.3d at 875 n.2; Cincinnati Indem. Co. v. A&K Construction Co., 2008 WL 5210931, at *2, No. 07-CV-4133-NKL (W.D. Mo. Dec. 12, 2008) (dismissing, rather than staying, declaratory judgment action in deference to state proceeding because the court could not envision the case returning to federal court and plaintiff had not explained how it could possibly return to federal court). In deciding whether to dismiss the case, a court should consider the "scope of the state proceedings, the possibility of delay or procedural inadequacy in the state proceedings, the possibility that another federal action will be time-barred should the instant suit be dismissed, and any other appropriate factor." U.S. v. City of Las Cruces, 289 F.3d 1170, 1193 (10th Cir. 2002); see also Federal Ins. Co. v. Sprint Corp., 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (holding that dismissal of federal declaratory action was more appropriate than a stay because the court "[did] not anticipate a return to federal court or a 'significant possibility of delay or other procedural inadequacy in the state proceedings'").

Here, the Court finds that the scope of the state proceedings is broad enough to fully resolve the coverage defenses that plaintiff seeks to assert in the instant action. See Glover, 984 F.2d at 260 (a garnishment action pursuant to Mo. Rev. Stat. § 379.200 allows insurer to raise coverage defenses against the judgment creditor that insurer would have against its insured). Plaintiff does not indicate that there is a significant possibility of delay or procedural inadequacy in the garnishment proceeding, and there does not appear to be any such risk. Since the state action should effectively moot the claims in the declaratory action, the time-bar concern is not as significant since the Court does not envision this case returning to federal court. For the foregoing reasons, the Court dismisses Count I of the plaintiff's Amended Complaint.

7

## 2.    Declaration of Non-Liability

Defendants move to dismiss Count II because it fails to state a cause of action for which relief can be granted because it seeks an advisory and abstract opinion. Count II seeks a declaration that Sentinel acted "reasonably, justly, in good faith, and without negligence" when it provided a defense to the Kauffmans and engaged in settlement negotiations on their behalf. Defendants argue that Count II seeks a declaration of non-liability to a potential future "bad faith" action against Sentinel. Declaratory relief is inappropriate where a putative tortfeasor sues the injured party for a declaration of non-liability because it forces the injured party to litigate a claim he may not wish to litigate at that time or in that particular forum. See Morrison v. Parker, 90 F. Supp. 2d 876, 880 (W.D. Mich. 2000) (declining to hear action by tortfeasor seeking declaration of tortfeasor's non-liability as to the tort victim). A court's adjudication of an affirmative defense to a potential lawsuit in a declaratory judgment action is typically discouraged by courts. See BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995). While the Symington court cited cases where courts had adjudicated declaratory actions that primarily raised an affirmative defense, it noted that none of those cases involved a threat to the injured party's legitimate choice of forum or time to sue. Id. Cases in which such a threat exists "merit a closer look to ensure that the declaratory plaintiff is not motivated by forum-shopping concerns." Id. at 558 (internal quotations omitted). In this case, the Kauffmans argue that they would be forced to litigate a potential claim in federal court since plaintiff is in effect asking the Court to rule on its affirmative defense to any such action.

Plaintiff advances several arguments in response to defendants' motion. First, it argues that it is not a putative tortfeasor, but rather it is an insurer seeking a declaration

that it fulfilled its contractual obligations to its insured. Thus, plaintiff argues, it is not seeking a declaration of non-liability from a future tort action. Second, Plaintiff argues that the rule against adjudicating an affirmative defense is inapplicable where the defendant has not yet filed suit. See West Am. Ins. Co. v. RLI Ins. Co., 2007 WL 3376878, at *3, No. 07-0566-CV-W-ODS (W.D. Mo. Nov. 6, 2007) (rejecting defendant's argument that the declaratory action was intended to deprive defendant's choice of forum to litigate its future claims against the plaintiff when the defendant had not yet filed suit). Finally, plaintiff also notes that the Court's refusal to adjudicate Count II would likely result in the filing of another suit involving these same circumstances.

The issue of whether Sentinel acted in bad faith is presently not directly at issue in the state garnishment action, although it is possible that it will be in the future. The Eighth Circuit has noted that district courts are vested with less discretion to decline jurisdiction of declaratory judgment actions when there is not a parallel state proceeding. Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 999 (8th Cir. 2005). In these cases, the Eighth Circuit has laid out a six-factor test to determine whether a declaratory action should be dismissed or stayed when there is not a pending parallel state court proceeding. Id. Assuming that the state garnishment proceeding is not "parallel" to plaintiff's requested relief in Count II, the Court finds that its exercise of jurisdiction over this claim is still not warranted under the six-factor test. The factors a district court must consider are as follows:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4)

9

whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing–that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Id. at 998.

As to the first and second factor, despite Sentinel's attempt to recast its claim as a contractual compliance issue, the usefulness of granting plaintiff's requested relief in Count II would be to defend itself from a potential suit by its insured for the manner in which it handled the insured's claim. The requested relief would not serve to clarify uncertain relations between the parties prospectively because plaintiff seeks a declaration concerning its past behavior. Granting declaratory relief on Count II may not settle the issue of Sentinel's claims handling because it depends on the manner in which the insured wishes to present his claim. The third factor weighs against the plaintiff as well because the issues it wishes to adjudicate are matters of state, not federal, law, and the state courts have a significant interest in adjudicating cases arising under their own law.

As the to the fourth and fifth factors, the Court finds that the matters raised would be better resolved in state court. Currently, Sentinel and its insured, the Kauffmans, are parties to a state court garnishment proceeding, which was initiated by Timothy Haines, the tort victim of the underlying automobile accident. The issue of claims handling will likely come up in that action when determining whether Sentinel owes a duty to indemnify the Kauffmans for any amount in excess of the policy limit. The state court would be presented with all the issues at the same time as to all parties and obviate the need for duplicative

10

discovery or trials.  Also, if the federal declaratory action proceeded, it would likely result in unnecessary entanglement between this Court and the state court because both courts would likely be ruling on the same, or substantially similar, legal issues, which could lead to inconsistent results.

The sixth factor weighs heavily in favor of declining jurisdiction over this action.  As noted above, the usefulness of the requested relief to Sentinel is to primarily defend itself against a potential suit by its insured.  Sentinel is aware of an agreement between Joshua Kauffman and Haines in which they agreed that Joshua Kauffman will be held liable for the entire state court judgment if he does not purse a bad faith claim against Sentinel or if such claim is unsuccessful.  (Haines v. Sentinel, et al., No. 08-00981-CV-W-FJG, Doc. Nos. 2, 5).  Although such a bad faith claim has not yet been filed, the agreement between the Kauffman and Haines seems to indicate that such a suit is imminent, and Sentinel's prosecution of this action effectively circumvents the Kauffmans' choice as to when to bring a "bad faith" suit and where to litigate such an issue.  Cf. Mass. Eye & Ear Infirmary v. Eugene B. Casey Foundation, 417 F. Supp. 2d 192, 198 (D. Mass. 2006) (dismissing plaintiff's declaratory judgment action where plaintiff filed the action two days before defendant's threatened to file suit, finding that the declaratory action served as a "preemptive strike" to defendant's future lawsuit).  Therefore, the Court dismisses Count II of plaintiff's Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant Haines's Motion to Dismiss (Doc. No. 7) and Defendants Joshua and Dennis Kauffman's Motion to Dismiss

11

(Doc. No. 8) and **GRANTS IN PART AND DENIES IN PART** Defendants Joshua and Dennis Kauffman's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 9) and Defendant Haines's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10).  The Court **DISMISSES** this action without prejudice.

       **IT IS SO ORDERED.**

Date: 3/13/09                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                     Chief United States District Judge

Case 4:08-cv-00961-FJG   Document 22   Filed 03/13/09   Page 12 of 12